```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      HOT SPRINGS DIVISION


BUDDY BEAN LUMBER COMPANY                              PLAINTIFF


     v.            Case No. 6:11-CV-6078


AXIS SURPLUS INSURANCE COMPANY, INC.                   DEFENDANT
```

### MEMORANDUM OPINION AND ORDER

On July 10, 2012, the Court entered a Memorandum Opinion and Order (Doc. 20) denying Plaintiff Buddy Bean Lumber Company's (Buddy Bean) Motion for Judgment on the Pleadings (Doc. 8) and granting Defendant Axis Surplus Insurance Company, Inc.'s (Axis) Cross Motion for Judgment on the Pleadings (Doc. 13).  On July 19, 2012, Buddy Bean filed a Motion to Reconsider and for Entry of Judgment and brief in support.  (Docs. 21-22). Axis filed its Response and brief in support (Docs. 23-24), and Buddy Bean filed its Reply and brief in support (Doc. 25-26)[1]. On August 23, 2012, Buddy Bean filed a Notice of Dispositive Motions (Doc. 27) stating that there are no facts that need to be developed to enter a final judgment.

For the reasons stated below Buddy Bean's Motion to

---

[1] CM/ECF docket entries 25 and 26 are titled "Motion to Permit Plaintiff to File a Reply in Support of its Motion to Reconsider, and for Entry of Judgment", and "Brief in Support of Motion to Permit Plaintiff to File a Reply in Support of its Motion to Reconsider, and For Entry of Judgment".  Prayer for relief in the motion and brief in support (docs. 25-26)  are for leave to file a reply.  The Court construes Buddy Bean's motion and brief in support as its Reply to Axis's Response and brief in support.

Reconsider (Doc. 21) is **GRANTED,** Buddy Bean's Motion for Judgment on the Pleadings (Doc. 8) is **DENIED,** Axis's Cross Motion for Judgment on the Pleadings (Doc. 13) is **GRANTED,** and Buddy Bean's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE.**

**I. Background**

Buddy Bean filed its Complaint on October 17, 2011, alleging Axis breached their insurance contract. On December 6, 2011, Buddy Bean filed its Motion for Judgment on the Pleadings. On January 3, 2012, Axis filed its Cross Motion for Judgment on the Pleadings. As discussed in the Court's previous order, the parties' motions boiled down to the meaning of the term "value" in the coinsurance provision, and the number of deductibles applied.

The Court's previous order (Doc. 20) found the term "value" in the Coinsurance Section of the policy and for purposes of the coinsurance provisions meant the covered property's replacement cost. The Court also found that because 90% of the replacement cost values of the covered properties were greater than their respective limits of insurance, Axis's payment was limited to either the coinsurance penalty calculated in steps one through four of Section F.1.a. or the covered properties' Limit of Insurance, whichever is less. (Doc. 20 at 13). The Court deferred making calculations on the policy until after the bench trial noting a discrepancy in the stated replacement cost value

of the saw mill[2]. The Court also declined to make findings on the deductible issue noting disputed facts concerning the number of occurrences of lost. The bench trial in this matter remained set to begin on November 26, 2012.

**II. Discussion**

In connection with its Motion for Reconsideration and Entry of Judgment (Doc. 21) Buddy Bean ask that the Court consider the Replacement Cost Value of its sawmill to be $17,024.020.00, and that two (2) $25,000.00 deductibles apply, so that final judgment can enter. Buddy Bean further asks that the Court, in view of its concessions, declare that no coinsurance penalty applies and that it is entitled to an award of $575,000.00, plus costs, fees and applicable interest and penalties. Axis argues in response that Buddy Bean's motion is inappropriate because there has not been any intervening or controlling law that should change the Court's prior order.

In light of the concessions offered by Buddy Bean, the Court finds reconsideration of its previous Memorandum Opinion and Order (Doc. 20) is appropriate. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (*citing N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)(holding

---

[2] In its Response Axis states that "[a]though Axis alleged in its Cross Motion for Judgment on the Pleadings that the Sawmill's replacement cost was $14 million, this statement was a typographical error. . . Axis agreed in its Answer to the Complaint . . . that the Sawmill's replacement cost was $17 million." (Doc. 24 footnote 1).

a judgment may be altered or amended if the party seeking reconsideration demonstrates at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice).  Accordingly, Buddy Bean's Motion to Reconsider (Doc. 21) is **GRANTED** and the Court will consider the parties motions in light of Buddy Bean's additional arguments and the concessions that (1) the replacement cost value of the saw mill is $17,024,000.00, and (2) that two (2) $25,000.00 deductibles apply.

### A. Coinsurance and Deductible

Buddy Bean contends that "[t]he Court's July 10, 2012, Order is clearly erroneous and requires reconsideration because all applicable authority concurs that Plaintiffs' interpretation of the insurance policy is plausible, and that is a standard Plaintiff must meet."  (Doc. 25).  Axis argues the authority cited in Buddy Bean's motion is misplaced as their holdings deal with issues not present in this action.[3]

The Court's review of the parties' motions in light of the additional cited authority does not result in findings different

---

[3] Axis's discussion of *Evanston Ins. Co. v. Cogswell Properties, LLC.*, 2012 WL 1940339, *Carley Capital Group v. Fireman's Fund Ins. Co.*, 877 F.2d 78, 82 (D.C. Cir. 1989), and *Asian American Fibers Inc., v. Valley Ins. Co.*, 1999 WL 375571 (D.Or. April 23, 1993).  (*See* Doc. 24, 2-5).

than those set out in its previous order[4]. The crux of Buddy Bean's argument is that its interpretation of the policy is plausible, i.e. that the term "value" in Section F.1. refers to the actual cash value of the insured property. Buddy Bean's argument is without consequence because consideration of whether a party's interpretation is plausible is ancillary to a finding that the challenged provision is ambiguous. Here, the Court found the term "value" was unambiguous because it is a defined term, thus consideration of whether an alternative interpretation is plausible is never reached. Specifically, in its previous order the Court found that Buddy Bean's "election of the Replacement Cost Optional Coverage operates to define the term "value" as the replacement cost value of the covered property. . . [and] assuming arguendo that Buddy bean had not made the option coverage election, the term "value" would still not be ambiguous because "value" would remain defined as "actual cash value" pursuant to Section E.7.a. regardless of the type of claim made." (Doc. 20). In other words, the Court found the plain language of the policy defines the term "value" as the replacement cost value of the covered property.

Accordingly, the Court adopts its previous Memorandum and Opinion and Order (Doc. 20), Buddy Bean's motion for Judgment on

---

[4] The Court finds Axis's discussion of the authority cited by Buddy Bean sufficiently addresses why the holdings in those cases do not alter the Court's analysis and why Buddy Bean's reliance on them are misplaced, and declines to further address them. (Doc. 24).

the Pleadings (Doc. 8) is **DENIED**, and Axis's Cross Motion for Judgment on the Pleadings (Doc. 13) is **GRANTED.**

### B. Calculations

In light of the Court's findings and Buddy Bean's concessions the Court can now proceed with the calculations for this matter's claims.  As previously discussed, the term "value" is defined as the covered properties' replacement cost value. Section F.1.a. states that Axis "will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.  Instead, we will determine the most we will paying using the following steps. . ."  (Doc. 1, Att. 1, Coverage Form § F.1.a.)

The planer mill's replacement cost value of $4 million multiplied by the coinsurance percentage of 90% is $3.6 million, a figure greater than the $837,500.00 Limit of Insurance, and therefore the coinsurance penalty applies as to the planer mill. Similarly, the Saw Mill's replacement cost value of $17,024,020.00 multiplied by the coinsurance percentage of 90% is $15,321,618.00, a figure greater than the $3 million Limit of Insurance, and therefore the coinsurance penalty also applies to the saw mill.

Section F.1.a. sets out the four steps to calculate the

coinsurance penalty value.

> (1) Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;
> (2) Divide the Limit of Insurance of the property by the figure determined in Step (1);
> (3) Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step (2); and
> (4) Subtract the deductible from the figure determined in Step (3).

(Doc. 1, Att. 1, Coverage Form § F.1.a.)

Section F. includes three examples of calculating an insured's claim under the coinsurance provision. Example #3 provides the Court guidance as to how to make the calculations set out in Section F.1.a.(1) through (4) for Buddy Bean's claim. Example #3 states:

> When:  The value of the property is:
> Building at Location #1: $ 75,000
> Building at Location #2: $100,000
> Personal Property
> at Location #2:           $ 75,000
>                           $250,000
>
> The Coinsurance percentage
> For it is:                       90%
>
> The Limit of Insurance for
> Buildings and Personal Property
> at Locations #1 and #2 is:
> $180,000
>
> The Deductible is        $  1,000
>
> The amount of loss is:
> Building at Location #2: $ 30,000
> Personal Property

```
                at Location #2:          $ 20,000
                                         $ 50,000

   Step(1):  $250,000 x 90% = $225,000
             (the minimum amount of insurance
             to meet your Coinsurance
             requirements and to avoid the
             penalty shown below)
   Step (2): $170,000 ÷ $225,000 = .80
   Step (3): $50,000 x .80 = $40,000
   Step (4): $40,000 - $1,000 = $39,000

   We will pay no more than $39,000.  The
   remaining $11,000 is not covered.
```

(Doc. 1, Att. 1, Coverage Form § F.)

Based on Example #3 the values of the covered properties may be added for purposes of the calculations in steps (1) through (4).  In this case, the replacement cost values of the saw mill and planer mill is the sum of $17,024,020.00 and $4 million, or $21,024,020.00.  The combined Limit of Insurance is the sum of $3 million and $837,500.00, or $3,837,500.00.  The stipulated actual cash value of the loss is $725,000.  Two $25,000 deductibles apply.  Plugging in the values for steps (1) through (4) of § F.1.a. provides the following calculations:

```
   Step (1): $21,024,020 x 90% = $18,921,618
   Step (2): $3,875,000 ÷ $18,921,618 = 0.2047922
   Step (3): $725,000 x 0.2047922 = $148,474.34
   Step (4): $148,474.34 - $50,000 = $98,474.34
```

The final provision of the coinsurance section states that Axis "will pay the amount determined in Step (4) or the limit of insurance, whichever is less."  The calculations above yield a value of $98,474.34 which is less than the Limit of Insurance

for the covered properties, and therefore is the amount to be paid to Buddy Bean.  Axis having already paid $100,000.00, does not owe Buddy Bean in connection with the claims in this matter.[5]

### III. Conclusion

For the reasons stated above Buddy Bean's Motion to Reconsider (Doc. 21) is **GRANTED,** Buddy Bean's Motion for Judgment on the Pleadings (Doc. 8) is **DENIED,** Axis's Cross Motion for Judgment on the Pleadings (Doc. 13) is **GRANTED,** and Buddy Bean's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED this 10th day of September, 2012.

/s/ Robert T. Dawson<br>Honorable Robert T. Dawson<br>United States District Judge

---

[5] A payment of $100,000 was made to Buddy Bean by Axis.  (*See* Doc. 8 ¶ 2.e)